UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELANIE BUTLER, et al., | Case No. 2:20-CV-861 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiffs Delanie Butler and John Robinson's (collectively, "plaintiffs") and defendant Portfolio Recovery Associates, LLC's ("defendant") joint response to the court's order to show cause (ECF No. 53). (ECF No. 54).

**I.   BACKGROUND**

On May 12, 2020, plaintiffs pleaded a 29 U.S.C. 2101 WARN Act claim, a 29 U.S.C. 201 FLSA claim, a NRS 608.016 unpaid wages claim, and a NRS 608.018 unpaid overtime claim. (ECF No. 1 at 11–14). Plaintiffs specifically pleaded the FLSA and NRS claims for the hourly worker class members and their class representative, Butler. (ECF No. 1 at ¶¶ 94–113).

On July 31, 2020, pursuant to the parties' stipulation (ECF No. 23), the court severed and transferred the FLSA claim, the NRS unpaid overtime claim, and the NRS unpaid wages claims brought by the hourly employees. (ECF No. 24). However, also pursuant to the parties' stipulation (ECF No. 23), the court specifically retained the WARN Act claim and the NRS unpaid wages claim on behalf of the salaried employees. (ECF No. 24).

After engaging in mediation, the parties filed a joint motion for preliminary approval of class action settlement. (ECF No. 52). Upon review of the proposed settlement agreement, the

**James C. Mahan**
**U.S. District Judge**

court found potentially dispositive errors and ordered the parties to show cause as to why the court should not dismiss their joint motion. (ECF No. 53). The parties now file a joint response to that order, proposing changes to remedy the court's concerns with their original motion. (ECF No. 54).

## II.     DISCUSSION

In its order to show cause, the court identified issues with the parties' proposed settlement agreement concerning commonality, adequacy of representation, and fairness. (ECF No. 53). Fundamental to the court's concerns was the unpled, but specifically retained, claim for unpaid wages on behalf of the salaried employee class members. (*Id.*; *see* ECF Nos. 23, 24).

The parties propose several remedies to address the court's concerns. First, the parties propose stipulating to dismiss the unpled, but specifically retained, salaried wage claims without prejudice. (ECF No. 54 at 4–5). Second, the parties propose stipulating to amend the "clerical error" in ECF Nos. 23 and 24 from asserting a claim under Nevada Revised Statute 608.016 to the proper Nevada Revised Statutes, 608.0197 and 608.020. (*Id.* at 5). Third, the parties propose amending their jointly proposed settlement agreement and all attached exhibits to clarify that the class members are releasing only potential WARN act claims, not unpaid salary claims. (*Id.*). Finally, the parties propose amending their jointly proposed settlement agreement and all attached exhibits to better represent the share of the settlement disbursement allocated to salaried employees and hourly employees. (*Id.*).

The parties' second proposed stipulation and order amending the severance would remove the unpled salaried employee claims from the docket entirely. Thus, the parties need not specifically dismiss the unpled claims from this matter. Accordingly, the court DENIES the parties' request to dismiss the unpled claims and GRANTS the parties' request for leave to file a stipulation and proposed order amending the "clerical errors" in ECF No. 23 and 24 relating to the salaried employees' unpaid wages claims.

The court notes without holding that the parties' proposed amendments to their proposed settlement agreement do address the court's concerns with the agreement. Thus, the court GRANTS the parties' request for leave to amend their joint motion to approve class settlement.

**James C. Mahan**
**U.S. District Judge**

**III.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that the parties have 30 days from this order to 1) prepare and file a stipulation and order to fix the clerical errors in ECF No. 23 and ECF No. 24, and 2) amend their joint motion for preliminary approval of class action settlement and all attached exhibits.  Failure to comply with this order will result in denial of the parties' joint motion to approve class action settlement (ECF No. 52).

DATED October 18, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**