Dana B. Salmonson
Nevada Bar No. 11180
dana.salmonson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorney for Defendant*
*Portfolio Recovery Associates, LLC*

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DELANIE BUTLER and JOHN ROBINSON, individually and on behalf of all similarly situated class and collective action members,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware Limited Liability Company; DOES I through X, inclusive; ROE CORPORATIONS I through X inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00861-JCM-EJY<br><br>**AMENDED STIPULATION AND ORDER TO SEVER AND TRANSFER VENUE** |

NOW COMES Plaintiffs Delanie Butler and John Robinson ("Plaintiffs") and Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA") and files this stipulation of severance of certain Wage and Hour claims as set forth herein, and to transfer such claims from this Court to the Eastern District of Virginia.

**I.       Currently Pending Motion to Sever and Transfer**

On July 6, 2020, Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA") moved, pursuant to Federal Rule of Civil Procedure 21, to sever Plaintiff Butler's federal and state wage and hour claims brought on behalf of Defendant's hourly workers, on one hand ("the Wage and Hour Claims"), from Plaintiffs' claim under the WARN Act and the wage and hour claims brought on behalf of salaried employees, on the other (collectively, the "WARN Act Claims"); and,

pursuant to 29 U.S.C. § 1404(a), to transfer the Wage and Hour Claims on behalf of the hourly employees, to the United States District Court for the Eastern District of Virginia, Norfolk Division ("EDVA"). See ECF 13, Defendant's Motion to Sever and Transfer Venue and Memorandum of Points and Authorities in Support ("Motion to Sever and Transfer"). Prior to filing their consents to opt into this case, Butler and 11 other Butler opt-ins were already opt-in plaintiffs in the substantially similar case in the EDVA (namely, Scott v. Portfolio Recovery Associates, LLC, Civil Action No. 2:20-CV-00267 (EDVA) (the "Virginia Action"). Id. at II.B.3.a., pp. 7-9.

In addition to this Butler lawsuit and the Virginia Action, another substantially similar lawsuit was filed against PRA by hourly employees in Tennessee (namely, Jones v. Portfolio Recovery Associates, LLC, Civil Action No. 1:20-CV-01083 (WDTN) (the "Tennessee Action"), to which Butler and 11 other Butler opt-ins also joined before opting into this present suit. See Motion to Sever and Transfer, II.B., pp. 3-7. The Tennessee Action, the first filed of these three cases, was transferred from the WDTN to the EDVA pursuant to a stipulation amongst the parties thereto, and thereafter, was consolidated with the Virginia Action. See Tennessee Action, ECF 58, Joint Notice of Stipulation to Transfer to Eastern District of Virginia, dated June 24, 2020; Tennessee Action, ECF 59, Order Transferring Case, dated June 29, 2020 ("… §1404(a)'s interest of justice by eliminating duplicative litigation and the risk of inconsistent results."); and Virginia Action, ECF 33 (order consolidating Tennessee Action with the Virginia Action).

On July 10, 2020, counsel for Butler notified counsel for Defendant that Plaintiffs would no longer oppose the Motion to Sever and Transfer. Accordingly, Defendant's Motion to Sever and Transfer is now unopposed. Upon entry of this Order, the Parties will seek to consolidate the hourly Wage and Hour Claims of this case with the Virginia Action.

Accordingly, the Parties stipulate as follows:

## II. STIPULATIONS

IT IS HEREBY STIPULATED, by and between the Parties to this action, that all of the Wage and Hour Claims that Butler asserts, individually and on a nationwide collective action basis on behalf of hourly workers, for violations of the FLSA and Nevada state wage and hour laws shall be severed from the remaining claims in this case. These Causes of Action to be severed are as follows:

2

29 USC 201 *et seq*. (FLSA claims for hourly employees); NRS 608.016 (unpaid wages and compensation claims for hourly employees); and NRS 608.018 (unpaid overtime claims for hourly employees).

    IT IS FURTHER STIPULATED, by and between the Parties to this action, that the remaining claims to remain before this Court will be the WARN Act Claims asserted on behalf of all Nevada employees who were terminated related to the March 2020 shut-down of PRA's Las Vegas Regional Office ("LVRO"), along with state wage and hour claims asserted by salaried employees related to the LVRO facility closure, as follows: 29 USC 2101 et seq. (WARN ACT); and NRS 608.0197 and NRS 608.020 (salaried employees).

    IT IS FURTHER STIPULATED, by and between the Parties to this action, by and through their undersigned counsel, that the severed hourly Wage and Hour Claims be transferred to the EDVA, where the Parties will move for the hourly Wage and Hour Claims to be consolidated with the Virginia Action (Scott v. Portfolio Recovery Associates, LLC, Civil Action No. 2:20-CV-00267).

    Each party is to bear their own attorney's fees and costs.

DATED this 1st day of December, 2021.　　　DATED this 1st day of December, 2021.

HUTCHINGS LAW GROUP, LLC　　　　　　　OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Mark H. Hutchings*　　　　　　　　　　　/s/ *Dana B. Salmolnson*
Mark H. Hutchings, Esq.　　　　　　　　　　Dana B. Salmonson
Nevada Bar No. 12783　　　　　　　　　　　Nevada Bar No. 11180
300 S. 4th Street, Suite 1400　　　　　　　　　Wells Fargo Tower
Las Vegas, NV  89101　　　　　　　　　　　Suite 1500
*Attorney for Plaintiffs*　　　　　　　　　　　3800 Howard Hughes Parkway
　　　　　　　　　　　　　　　　　　　　　Las Vegas, NV  89169
　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

December 7, 2021
_____
DATED