Dana B. Salmonson
Nevada Bar No. 11180
dana.salmonson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV  89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorney for Defendant*
*Portfolio Recovery Associates, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DELANIE BUTLER and JOHN ROBINSON, individually and on behalf of all similarly situated class and collective action members,<br><br>Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware Limited Liability Company; DOES I through X, inclusive; ROE CORPORATIONS I through X inclusive,<br><br>Defendants. | Case No.:  2:20-cv-00861-JCM-EJY<br><br>**JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs DELANIE BUTLER and JOHN ROBINSON ("Plaintiffs") and Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), by and through undersigned counsel, HEREBY MOVE THIS Court for an Order granting final approval of the class action settlement in this matter.  The Court preliminarily approved the settlement on January 25, 2022. (ECF No. 63.)  This Motion is made pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. This Motion is based on the following memorandum of points and authorities, the "Joint Settlement and Release" ("Settlement") (previously filed as ECF No. 60-3), attached hereto as **Exhibit 1**, the accompanying Declaration of Mark H. Hutchings, Esq. ("Hutchings Decl.") attached hereto as **Exhibit 2**, the Declaration of Christina Fowler ("Simpluris Decl.") inclusive of any referenced-exhibits, attached hereto as **Exhibit 3**, the Parties Joint Proposed Order granting Final Approval of Class Action Settlement, attached hereto as **Exhibit 4**, all other papers on file in this action, and such

other evidence or arguments the Court may receive before deciding this Motion.[1]

DATED this 21st day of September, 2022.

HUTCHINGS LAW GROUP, LLC

/s/ *Mark H. Hutchings*
Mark H. Hutchings, Esq.
Nevada Bar No. 12783
400 S. 4th Street, Suite 550
Las Vegas, NV  89101
*Attorney for Plaintiffs*

DATED this 21st day of September, 2022.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Dana B. Salmonson*
Dana B. Salmonson
Nevada Bar No. 11180
10801 W Charleston Blvd.,
Suite 500
Las Vegas, NV 89135
*Attorney for Defendant*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   INTRODUCTION**

Plaintiffs, on behalf of themselves and others similarly situated, and Defendant, seek final approval of this class action settlement.  Subject to final Court approval, the parties have settled their claims for a total Settlement Amount of $160,000.00.  *See* Settlement at ¶¶ 11, 12.  The final class list consisted of 193 Class Members.  *See* Simpluris Decl. at ¶ 6.  This is a non-reversionary, total payout Settlement; Class Members who wish to participate in the Settlement and receive monies under the Settlement did not need to do anything.  *See e.g.,* Settlement at ¶ 16.

The class administration procedures have been completed by Simpluris, as ordered by the Court.  *See generally,* Simpluris Decl.  The deadlines for class members to submit exclusion forms or opt out of the settlement have passed.  *Id.* at ¶ 3.  No objections were submitted and of the 193 Class Members, only 1 class member, or 0.52% requested exclusion/opted out.  *Id.* at ¶¶ 11, 12.  Thus, 192 Class Members will receive monies from the Net Settlement Fund ($104,000.00); the total average recovery under the settlement is approximately $541.67 and the total highest recovery is approximately $1,076.09.  *Id.* at ¶ 10.  Only those funds that remain uncashed after 180 days negotiability of the check will be remitted back to Defendant.

---

[1] Class Counsel will be filing a separate Motion for Attorney's Fees and Costs supporting his request for $50,000.00 as agreed upon in the Parties' Settlement Agreement.  Hutchings Decl. ¶ 17.

The proposed Settlement satisfies all the criteria for final settlement approval under federal law because it is fair, adequate, and reasonable. *See Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575-76 (9th Cir. 2004). In class counsel's experience, this is a positive result and class counsel has received a positive response from class members. *See* Hutchings Decl. at ¶ 15. Furthermore, no objections have been filed with the Claims Administrator (hereinafter "Simpluris"), Class Counsel, or this Court. *See* Simpluris Decl. at ¶ 13. The overwhelmingly positive response of the Class Members to the Settlement—including minimal exclusions and no objectors—provides strong support that final settlement approval is appropriate. *See Stoetzener v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (finding that objections of 29 members out of a settlement class of 281—over 10 percent—"strongly favors settlement"); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) (finding that objections from only 16 percent of a class was "persuasive" that a settlement was adequate).

Because the Settlement provides a substantial benefit to the Parties, they request that the Court approve the Parties' Settlement as fair, adequate, and reasonable, and enter judgment accordingly.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Lawsuit

Plaintiffs filed a Complaint against Defendant alleging Defendant violated the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act") and asserting wage and hour claims under the Federal Labor Standards Act ("FLSA") and Nevada state law. (ECF No. 1.) Defendant moved to sever Plaintiffs' federal and state wage and hour claims brought on behalf of Defendant's hourly workers from the claim under the WARN Act. (ECF No. 13.) The Court transferred the wage and hour claims to the United States District Court for the Eastern District of Virginia. (ECF No. 24.) The only remaining claims allege WARN Act violations and wage and hour claims for salaried employees.

### B.     Negotiations and Settlement

On April 8, 2021, the Parties mediated the claims in this action and reached a Settlement. The Parties then filed a Joint Notice of Settlement. (ECF No. 46.) The Parties represented to the

Court they would file their Joint Motion for Preliminary Approval of Class Action Settlement by June 7, 2021; that deadline was extended to June 28, 2021. (ECF No. 48.) The Parties stipulated and requested a second extension of time, extending the deadline to July 12, 2021, which the Court granted. (ECF No. 49 and ECF No. 50.)

On July 12, 2021, the Parties filed a Joint Motion for Preliminary Approval of Class Action Settlement. (ECF No. 52.) The Court issued an Order to Show Cause why the Joint Motion for Preliminary Approval of the Class Action Settlement should not be denied. (ECF No. 53.) The Parties provided a Response on October 13, 2021 (ECF No. 54.) and the Court allowed the Parties until November 17, 2021 to fix the clerical errors in ECF No. 23 and ECF No. 24, and amend their Joint Motion for Preliminary Approval of Class Action Settlement. (ECF No. 55.) A Joint Amended Motion was filed on December 1, 2021 (ECF No. 60.) and approved on January 25, 2022 (ECF No. 63.).

## III.   SUMMARY OF THE SETTLEMENT'S KEY PROVISIONS

The Parties support this Settlement. The issues in this case have been fully investigated and litigated by counsel for both Parties. *See* Hutchings Decl. at ¶¶ 5-13; *see* Settlement at ¶ 10. Defendant denies all allegations in the lawsuit and denies any liability or wrongdoing. *See* Settlement at ¶ 7. Continue here. Defendant further denies that, for any purpose other than settling this action, this action is appropriate for class treatment. *Id.* The Parties acknowledged that even if a class was certified, trial would be lengthy and have risks. Plaintiffs may not have prevailed at trial which would have resulted in no recovery whatsoever. And even if Plaintiffs won at trial, damages might not exceed the amount of this Settlement and the judgment could be appealed resulting in further lengthy delays.

All parties believe that the best course of action is to amicably resolve these issues. *See* Settlement at ¶ 10.

### A.   The Monetary Recovery

The Settlement provides for a maximum settlement amount of $160,000.00 (the "Global Settlement Fund"). *See* Settlement at ¶ 11, 12. The following approximate breakdown applies to payments from the Global Settlement Fund:

4

- $89,750.83 for the Hourly Employee class for the WARN Act claims; and
- $14,249.17 for the Salaried Employee class for the WARN Act claims.[2]
- $6,000 in enhancement to Plaintiffs DELANIE BUTLER and JOHN ROBINSON for their participation in the lawsuit; and
- An amount not to exceed $50,000 in attorneys' fees and costs.

*See* Settlement at ¶ 12. The Settlement Administrator fees shall be separately paid by Defendant, and shall not be paid from the Global Settlement Fund. *Id.* at ¶ 11. The Awards to Class Members shall be deemed to be income to such Class Members solely in the year in which such awards actually are received by the Class Members. *Id.* at ¶ 12(e). The Settlement Administrator will be responsible for issuing (a) all funds by way of negotiable instrument from the Global Settlement Fund, (b) W-2 Forms, and (c) W-9 forms (if required.). *Id.* at ¶ 12. Settlement awards for Class Members (defined at *id.* at ¶ 1(e)) will be paid out of the Global Settlement Fund accounting for the damages each member of the Settlement Class allegedly incurred proportionally based on his or her rate of pay on March 23, 2020. *Id.* at ¶ 12(d).

Class Members who want to participate in the Settlement *do not need to do anything. See e.g.,* Settlement at ¶ 16; Simpluris Decl. at ¶ 5 and Ex. A to Simpluris Decl. If 7.5% or more of the Settlement Class revoke participation in, or opt out of, the Settlement, Defendant shall have the unilateral right to rescind the Parties' Settlement. Settlement at ¶ 13. If less than 7.5% of the Settlement class revoke participation in, or opt out of, the Settlement, the Settlement will proceed and is *a non-reversionary*, total payout Settlement. Any funds related to uncashed settlement checks (*i.e.*, after 180 days) will belong to Defendant.

### B. The Release

Upon final approval of this Settlement Agreement, members of the Settlement Class[3] who do not file valid requests for exclusion or objections to the Settlement will release all claims relating to,

---

[2] At the mediation, the parties came to an agreement that the Salaried Employees were not owed anything under NRS 608.0197 and NRS 608.020.

[3] "Settlement Class" means employees of Defendant's Las Vegas Regional Office ("LVRO") who were employed by Defendant on March 23, 2020 and lost employment as a result of the LVRO closure.

or arising from, the facts alleged in Plaintiffs' operative complaint and that reasonably arise, or could have arisen from, the facts alleged as to the Class Members—*i.e.*, "All persons who were employed by Defendant at Defendant's Las Vegas Regional Office ("LVRO") on March 23, 2020 and lost employment as a result of the LVRO closure." *See* Settlement at ¶ 5. Nothing in the Settlement releases any claims that cannot be released as a matter of law.

### C. The Settlement Mechanism

The Parties agreed, and the Court approved the use of a third-party Claims Administrator to administer the settlement claims process. *See* Settlement at ¶ 13. The Settlement provided for the Claims Administrator to send out a Notice explaining the terms and conditions of the Settlement to approximately 190 Class Members, 169 hourly employees and 21 salaried employees. *Id.* at ¶¶ 13, 16. Following mailing of the Notice, Class Members then had thirty (30) days to submit a claim form and participate in the Settlement, request to be excluded from the Settlement, or object to the Settlement. *Id.* at ¶¶ 16(a)(ii), 17. (The Request for Exclusion form is attached as Ex. A to Simpluris Decl.) The Settlement further provides, after the notice period, the Court will hold a final "fairness" hearing to provide final review and approval of the Settlement. *Id.* at ¶ 16(a)(iv). The Notice advises Class Members about the fairness hearing, as well as their opportunity to attend the hearing and make their views known. *Id.* At the fairness hearing, the Parties will address any issues raised by Class Members and the Court will have a second opportunity to review the settlement in full.

## IV. THE COURT-APPROVED NOTICE PROCESS

### A. Preliminary Approval

On January 25, 2022, the Court granted preliminary approval of the Settlement. (ECF No. 63.) In doing so, the Court authorized the sending of Notice and Exclusion forms to all Class Members, certified the Settlement Classes for settlement purposes, confirmed Plaintiffs as Class representatives, confirmed Mark H. Hutchings, Esq. and Hutchings Law Group as Class Counsel, and confirmed Simpluris as the Claims Administrator. *Id.*

### B. Notice to the Class

The Notice and Exclusion Form approved by the Court (ECF No. 63.) and sent to Class Members is attached as Exhibit A to the Simpluris Decl. at ¶ 5. On August 8, 2022, Defense counsel

provided the Claims Administrator with the last known address and employment information of 193 Class members. *See* Simpluris Decl. at ¶ 6. After updating the addresses through the National Change of Address database, the Claims Administrator sent out the Court-approved Notice ("Notice Packet") via first class mail on August 12, 2022. Id. at ¶¶ 7, 8. Forty-Six (46) Notice Packets were returned to the Claims Administrator's office by the Post Office. Id. at ¶ 9. Simpluris attempted to find forwarding addresses for those without using Accurint, a reputable research tool owned by Lexis-Nexis. *Id.* Thereafter, forty-two (42) Notice Packets were remailed. *Id.* Ultimately, four (4) Notice Packets were deemed undeliverable. *Id*.

### C. Class Participation/Opt-Out Rates and Settlement Awards

This is a non-revisionary, total payout Settlement; Class members who wished to participate in the Settlement and receive monies under the Settlement did not need to do anything. *See e.g.,* Settlement at ¶ 16. The total average recovery under the settlement is approximately $541.67 and the total highest recovery is approximately $1,076.09. *See* Simpluris Decl. at ¶ 10. Only 1 request for exclusion was received, or 0.52%. *Id.* at ¶¶ 11, 12. There are no objectors. *Id.* at ¶ 13. In Class Counsel's experience, this positive response speaks to the fairness, reasonableness, and adequacy of the Settlement. Hutchings Decl. at ¶ 15.

## V. THE SETTLEMENT SHOULD RECEIVE FINAL APPROVAL

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 576 (9th Cir. 2004) (noting "strong judicial policy" favoring settlements reached through arms-length, non-collusive negotiations); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement); *Franklin v. Kaypro*, 884 F.2d 1222, 1227 (9th Cir. 1989) ("Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial . . . [t]he economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process."); *see generally Newberg On Class Actions* § 11.41 (4th ed. 2002) ("*Newberg*").

1  The standard for final approval is whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). A settlement is fair, reasonable, and adequate, and therefore merits final approval, when "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation, Fourth* § 21.61 (Fed. Jud. Ctr. 2006) ("*Complex Manual*"). The Ninth Circuit has directed district courts to consider a variety of factors without providing an "exhaustive list" or suggesting which factors are most important. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). These factors include: (1) the amount offered in the settlement, (2) the reaction of the class to the proposed settlement, (3) the strength of the plaintiffs' case balanced against the "risk, expense, complexity, and likely duration of further litigation" and the "risk of maintaining class action status throughout the trial," (4) the "extent of discovery completed" and the "stage of the proceedings," and (5) the informed views of experienced counsel. *See Hanlon*, 150 F.3d at 1026; *Staton*, 327 F.3d at 959.

These factors are not exclusive, and one factor may deserve more weight than the others depending on the circumstances. *Torrisi v. Tucson Elec. Power Co.*, 8F.3d 1370, 1375 (9th Cir. 1993). In some instances, "one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

Due to the impossibility of predicting any litigation result with certainty, a district court's evaluation of a settlement essentially amounts to "nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Id.* at 625 (internal citations omitted). It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness. *Id.* at 628. Indeed, the Court's "role in intruding upon what is otherwise a private consensual agreement is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or collusion between the negotiating parties, and that the settlement taken as a whole, is fair, reasonable and adequate to all concerned." *Schiller v. David's*

*Bridal, Inc.*, No 10-00616, 2012 WL 2117001, at *10 (E.D. Cal. June 11, 2012) (citing *In re Imperial Corp of Am.*, 92 F.3d 1502, 1506 n.5 (9th Cir. 1996)).

### A.   **The Settlement is Presumed to be Fair**.

Significantly, "[a]n initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Newberg* § 11.42 (4th ed. 2002). Such is the case here. Class Counsel engaged in extensive factual investigation (informally and through formal discovery) and participated in mediated and direct settlement discussions. *See* Buck Dec. at ¶¶ 7-8. Class Counsel are experienced in wage-and-hour litigation and have obtained over half a billion dollars for class members since 1997. *See* Buck Dec. at ¶ 5. Finally, there are no objectors to the Settlement and only 102 of the 5,500 Class Members submitted Requests for Exclusion Forms. *See* Francisco Dec. at ¶ 11; *See also, Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1289 (9th Cir. 1992) (recognizing that fairness of a class action settlement may be inferred if few class members object to it). Accordingly, the Settlement should be presumed fair.

### B.   **The Settlement Value Supports Final Approval**.

The Settlement provides for a maximum settlement amount of $160,000.00, which represents a significant recovery by Plaintiffs and Class Members. This is a non-reversionary, total payout Settlement; Class Members who wished to participate in the Settlement and receive monies under the Settlement did not need to do anything. *See e.g.,* Settlement at ¶ 16.

The total average recovery under the settlement for Class Members is approximately $541.67 and the total highest recovery is approximately $1,076.09. Simpluris Decl. at ¶ 10. This case involves a claim for violating the WARN Act and wage and hour claims under the FLSA and Nevada State law. Based on Defendant's argument that it did not violate the WARN Act or the FLSA, nor does Defendant think this action is appropriate for class or representative treatment, a per class member average recovery of $541.67 represents a significant recovery for the Class. Hutchings Decl. at ¶ 13.

Given the legal uncertainty, and the real risk of receiving nothing at the end of the day, the $160,000.00 settlement represents a substantial recovery. Although a larger award was theoretically possible by litigating this case to the end of trial, "the very essence of a settlement is compromise,

a yielding of absolutes and an abandoning of highest hopes" in exchange for certainty and resolution. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

### C. The Class Response Supports Final Approval.

Third-party claims administrator, Simpluris timely mailed the Notice packets to 193 class members. *See* Simpluris Decl. at ¶ 8. Of the 46 Notices returned by the post office, 42 Notices were re-mailed after Simpluris completed an address search. *Id.* at ¶ 9. Ultimately, 4 class Notices were undeliverable. *Id*. Of the 193 participating Class Members, only 1 (0.52%) of the Class Members opted out and there are no objectors also strongly favors final approval. *Id.* at ¶¶ 11-13; *see Nat'l Rural*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed settlement action are favorable to the class members."). Thus, the vast majority of the Class supports the Settlement.

### D. The Risks of Continued Litigation Support Final Approval.

Having attended mediation, both parties were able to assess the relative strengths and weaknesses of their claims and defenses. *See* Hutchings Decl. at ¶¶ 11-13. Class counsel is an experienced litigator and understands that the outcome of class certification, trial, and any attendant appeals are inherently uncertain, as well as likely to consume a lot of time. Id. at ¶ 3-4. Counsel for the Parties arrived at a reasonable resolution through a protracted and arm's-length direct negotiation process, which continued into all details of the Settlement Agreement and ancillary documents. *Id.* at ¶ 14.

In considering final approval, the Court should weigh the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation. *See Complex Manual* § 21.62. The trial of this action, were it to occur, could easily exceed several weeks in length. Moreover, individual litigation would not be economical even for those with the finances, sophistication, and tenacity to secure legal representation and persevere through years of individual litigation. The Parties' Settlement Agreement, on the other hand, provides immediate relief to all Class Members in a prompt and efficient manner and therefore is consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class-action suits." *Van*

*Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

### E. The Recommendation of Experienced Counsel Favors Final Approval.

"[P]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 378 (9th Cir. 1995). The "recommendations of plaintiffs' counsel should be given a presumption of reasonableness," particularly when counsel has significant litigation experience in similar cases. *Boyd v. Bechtel Corp.*, 485 Supp. at 622; *see also Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."). Hence when evaluating a proposed settlement, a court—absent evidence of fraud, collusion, or the like—should be hesitant to substitute its own judgment for that of counsel. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).

Here Class Counsel, who has experience prosecuting and litigating employment cases and complex class actions, and who conducted an extensive legal and factual investigation into the claims in this case, and who has actively litigated this case for nearly two years, firmly believes the proposed Settlement is fair, reasonable, adequate and in the best interest of all Class Members. *See* Hutchings Decl. at ¶¶ 2, 4, 5-6, and 15. Accordingly, this factor also weighs in favor of final approval.

## VI. THE CLASS REPRESENTATIVE PAYMENT SHOULD BE APPROVED

The Named Plaintiffs apply to the Court for a total of six thousand dollars ($6,000.00) in enhancement payments for services rendered as representatives of the Class in prosecuting this Action, which is well within the range of reasonableness.

Such service payments are recognized as serving an important function in promoting class action settlements. For example, in *League of Martin v. City of Milwaukee,* 588 F. Supp. 1004, 1024 (E.D. Wis. 1984), the court held that the proposed settlement properly granted the named plaintiff additional relief, explaining that it is "not uncommon for class members . . . to receive special treatment in settlement" when they have been instrumental in prosecuting the lawsuit. Given the Named Plaintiffs' active participation in this litigation, and their courage for asserting such an

action despite the inherent risks involved in litigation and fear of reprisals, the requested Enhancement Payments are fair. In addition, there have no objections by Class Members to the Enhancement Payment. Accordingly, the Court should approve Plaintiffs' request.

## VII. FINAL CLASS CERTIFICATION SHOULD ALSO BE GRANTED

No Class Member has objected to class certification or to the appointment of Named Plaintiffs as Class representatives or to the appointment of Class Counsel. *See* Hutchings Decl. at ¶ 16; Simpluris Decl. at ¶ 13. Accordingly, the Court should grant final certification of the Settlement Classes as defined in the Settlement.

## VIII. CONCLUSION

For all these reasons, and based on the information provided, Plaintiffs respectfully ask the Court to enter the proposed Order of Final Approval and Judgment submitted contemporaneously with this Motion.

DATED this 21st day of September, 2022.              DATED this 21st day of September, 2022.

HUTCHINGS LAW GROUP, LLC                             OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Mark H. Hutchings*                              /s/ *Dana B. Salmonson*
Mark H. Hutchings, Esq.                              Dana B. Salmonson
Nevada Bar No. 12783                                 Nevada Bar No. 11180
400 S. 4th Street, Suite 550                         10801 W Charleston Blvd.,
Las Vegas, NV 89101                                  Suite 500
*Attorney for Plaintiffs*                            Las Vegas, NV 89135
                                                     *Attorney for Defendant*

12