UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELANIE BUTLER, et al., | Case No. 2:20-CV-861 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiffs Delanie Butler and John Robinson ("plaintiffs")'s motion for attorney fees. (ECF No. 66). Defendant Portfolio Recovery Associates ("defendant") filed a notice of non-opposition. (ECF No. 69).

**I.  Background**

The instant motion arises from the settlement of a class action lawsuit brought under the Worker Adjustment and Retraining Notification ("WARN") act.

Defendant operated a call center in Henderson, Nevada. (ECF No. 1). After closing the call center, plaintiffs brought this action on behalf of themselves and similarly situated employees for violation of the WARN act. (*Id.*) The parties eventually settled the claims, and the court preliminarily approved that settlement on January 25, 2022. (ECF No. 63). After a fairness hearing, the court issued a final order approving the settlement on September 28, 2022. (ECF No. 70).

Pursuant to the settlement agreement, plaintiffs now bring this separate motion for attorney fees. (ECF No. 66).

. . .

**James C. Mahan**
**U.S. District Judge**

## II.  Legal Standard

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. REV. Stat. § 18.010.

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorney's fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

Additionally, the party moving for attorney's fees must meet the requirements of Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R.Civ. P. 54(d)(2)(B):
> (1) A reasonable itemization and description of the work performed;

James C. Mahan
U.S. District Judge

- 2 -

      (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
      (3) A brief summary of:
          (A) The results obtained and the amount involved;
          (B) The time and labor required;
          (C) The novelty and difficulty of the questions involved;
          (D) The skill requisite to perform the legal service properly;
          (E) The preclusion of other employment by the attorney due to acceptance of the case;
          (F) The customary fee;
          (G) Whether the fee is fixed or contingent;
          (H) The time limitations imposed by the client or the circumstances;
          (I) The experience, reputation, and ability of the attorney(s);
          (J) The undesirability of the case, if any;
          (K) The nature and length of the professional relationship with the client;
          (L) Awards in similar cases; and
          (M) Any other information the court may request.
(c) Attorney Affidavit. Each motion must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable.
(d) Failure to provide the information required by subsections (b) and (c) in a motion for attorney's fees may be deemed a consent to the denial of the motion.

Local Rule 54-14.

**III.   Discussion**

Determination of a reasonable fee in a class action settlement is subject to the district court's discretion.  *See Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1241 (9th Cir. 2019). The prevailing party in a claim under the WARN Act should be awarded attorney fees unless "special circumstances would render such an award unjust." *United Steelworkers of America v. North Star Steel Co.*, 5 F.3d 39, 44 (3d Cir. 1993).

"When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  District courts may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation.  *Ryan*, 786 F.3d at 763.

Here, plaintiff's motion and the settlement agreement contemplate a $50,000 award to class counsel.  This fee is based on a contingency agreement between the law firm and class members which allowed for fees up to 33.333% of the total settlement or an hourly rate up to $500 per hour.

Following the lodestar method and considering the *Kerr* factors, the court determines the requested fee is reasonable.  Class counsel billed 114.1 hours on this matter.  Subtracting necessary costs, such as the mediation fee, filing fee, and other expenses incurred, class counsel requests $46,685 in actual fees.  This equals 29.18% of the total settlement fund, or an hourly rate of $409.16, which is comparable to settlements in other cases.  *See, e.g.*, *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000. 1011 (9th Cir. 2004) (awarding attorney fees that doubled class plaintiffs' recovery).  The total settlement represents a significant recovery on a complicated class action matter that included novel questions of law.  Therefore, after considering the *Kerr* factors, the court agrees with the parties that an award of $50,000 from the general settlement fund is reasonable under the circumstances.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Hutchings's motion for attorney's fees (ECF No. 66) be, and the same hereby is, GRANTED.

DATED September 28, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**